WM. ALBERT *v.* JAMES BREWER.

The Statute of 1848 imposing a tax on the keepers of Coffee houses is not illegal, nor was it repealed by the 78th section of the Statute of March, 1850, entitled " an act to provide for the assessment and collection of taxes in this State."

The Constitution gives to the Supreme Court jurisdiction in all cases in which the constitutionality or legality of any tax shall be in contestation—but the Court has no jurisdiction as to the *mode of procedure*, provided by law for the collection of taxes, except where the amount exceeds three hundred dollars.

APPEAL from the District Court of the Parish of Jefferson, *Clarke*, J. *Roselius* and *McCay*, for plaintiff and appellant. *Purvis & Dugué*, for defendant.

SLIDELL, C. J.  The plaintiff obtained an injunction against the Sheriff, who was proceeding to collect a tax from the defendant as keeper of a coffee house. There was judgment dissolving the injunction, and the plaintiff has appealed.

The jurisdiction of this Court, in this cause, is controlled by the 62d Article of the Constitution, which is in these words:

"The Supreme Court, except in the cases hereinafter provided, shall have appellate jurisdiction only; which jurisdiction shall extend to all cases when the matter in dispute shall exceed three hundred dollars; to all cases in which the constitutionality or legality of any tax, toll, or impost whatsoever, or of any fine, forfeiture or penalty, imposed by a municipal corporation, shall be in contestation."

As the amount in dispute does not exceed $300, the action of this Court is restricted to the question of the constitutionality and legality of the tax.

It is not contended, that the imposition of such a tax is unconstitutional. Its legality, however, is disputed.

We consider it legal, being expressly established by a statute, and there being no suggestion of any defect or infirmity in this statutory enactment, which would make it void.  See Statute of 1848, sec. 3, paragraph 3, p. 36, Extra Session.

But it is said, this statute was repealed by the 78th section of a statute of March 21st, 1850, p. 147, entitled An Act to provide for the assessment and collection of taxes in this State, which declares that "all laws and part of laws upon the subjects treated of in this Act, are hereby repealed."  The object of this Act was to provide for the assessment and collection of taxes.  The repealing clause must be interpreted with reference to that object, and cannot reasonably be extended to a statutory enactment imposing a tax like the enactment in question.  This enactment imposes an annual tax of $67, on every keeper of a coffee house.  The Statute of 1850 provides for the mode of its collection, and imposes a penalty for the neglect to take out a license.  The 42d section expressly recognizes the existence of legislative enactments imposing taxes on trades and professions, and is inconsistent with the idea of their repeal, so far as such imposition is concerned.

The other matters discussed in argument, and suggested in the petition for injunction, concern, not the constitutionality or legality of the tax, but the constitutionality of the mode of procedure provided by law for its collection. Of this latter question we have no jurisdiction in this case.

It is therefore decreed, that the appellant take nothing by this appeal; and that he pay the costs thereof.